# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES R. JACKSON, | ) |
| | ) |
| **P**LAINTIFF, | ) |
| | ) |
| vs. | ) CASE NO. 05-CV-657-FHM |
| | ) |
| LINDA S. McMAHON, | ) |
| Acting Commissioner of the Social | ) |
| Security Administration,[1] | ) |
| | ) |
| **D**EFENDANT. | ) |

## ORDER

Plaintiff, James R. Jackson, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[2] In accordance with 28 U.S.C. § 636(c)(1) & (3) the parties have consented to proceed before a United States Magistrate Judge.

The role of the Court in reviewing the decision of the Commissioner under 42 U.S.C. §405(g) is limited to determining whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the Commissioner has applied the correct legal standards. *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d

---

[1] On January 22, 2007, Linda S. McMahon became the Acting Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Linda S. McMahon is substituted for Jo Anne B. Barnhart who was the Commissioner, as defendant in this case. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] Plaintiff's January 13, 2003 application for Disability Insurance was denied initially and upon reconsideration. A hearing before an Administrative Law Judge (ALJ) was held August 3, 2004. By decision dated August 26, 2004, the ALJ entered the findings which are the subject of this appeal. The Appeals Council denied review of the findings of the ALJ on September 21, 2005. The action of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Doyal v. Barnhart*, 331 F.3d 758 (10th Cir. 2003). The Court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *See Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005). Even if the Court might have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

Plaintiff was born October 25, 1960, and was 43 years old at the time of the decision. [R. 40, 125]. He claims to have been unable to work since December 3, 1997, due to pain in his neck, shoulders and arms, and numbness in his hands. [R. 109]. Plaintiff was last insured for disability benefits through September 30, 2001. Consequently, to obtain disability insurance benefits, Plaintiff must establish that he became disabled on or before that date. *See Washington v. Shalala*, 37 F.3d 1437, 1440 n.2 (10th Cir. 1994). The ALJ determined that Plaintiff has severe impairments consisting of degenerative disc disease (status post neck surgery), status post knee surgery and left shoulder problems [R. 41] but that, as of September 30, 2001, he retained the residual functional capacity (RFC) to perform a limited range of light exertional work with the need to alternate sitting and standing positions at will and moderately affected by strong medications in attention, concentration and performing detailed work. [R. 51]. Based upon the testimony of a vocational expert (VE) he determined that Plaintiff could not return to his past relevant work (PRW) but that there were other jobs in the economy in significant numbers that Plaintiff could perform with

that RFC. He found, therefore, that Plaintiff was not disabled as defined by the Social Security Act prior to his date last insured. [R. 53]. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

Plaintiff asserts the ALJ erred: 1) by failing to recognize all his diagnosed impairments as severe; 2) by formulating his RFC assessment that failed to include all his physical limitations; and 3) in his analysis of Plaintiff's credibility.[3] For the reasons discussed below, the Court affirms the decision of the Commissioner.

### Carpal Tunnel Syndrome

The ALJ and the parties have described the medical evidence in detail. For purposes of this Order, the Court need not repeat those summaries.

Plaintiff claims the record contains numerous findings of bilateral carpal tunnel syndrome and that the ALJ failed to provide an acceptable explanation for concluding that Plaintiff did not suffer from a severe impairment relating to carpal tunnel syndrome. Plaintiff points to deposition testimony by David R. Hicks, M.D., [R. 505] and by Gerald Hale, D.O. [R. 517] as support for his argument that he had a severe impairment of carpal tunnel syndrome. [Plaintiff's brief, p. 14]. However, as pointed out by counsel for the Commissioner, both depositions were given in 2003 and neither establishes the

---

[3] Section II of Plaintiff's brief contains allegations of error that do not correlate with the discussion of errors in Section III. In addition, the first and last sentences of Subsection A in Section III refer to alleged "mental impairments" but the gist of Plaintiff's argument relates to carpal tunnel syndrome. In Subsection B in Section III, a sentence regarding a doctor's report of seizures obviously does not relate to this case. While clerical or editing errors are not uncommon, Counsel is urged to take greater care in proof-reading and editing briefs presented to the Court.

existence of severe carpal tunnel syndrome prior to September 30, 2001. [Defendant's brief, p. 6].

The evidence in the record that relates to the time period between December 1997 and September 30, 2001, includes an EMG report dated December 29, 1997, showing bilateral median neuropathy at the wrist, right greater than left. [R. 217]. John Hastings, M.D., reported that same date that Plaintiff did not describe any clinical symptoms of carpal tunnel syndrome and that the median neuropathy at the wrist appeared to be an incidental finding, asymptomatic and maximal in the asymptomatic hand. [R. 218]. On May 29, 1998, Donnie Hawkins, M.D., reported minimal sensory loss in Plaintiff's left hand, a negative Tinel's sign at the wrists and elbows and full range of motion of his elbows and wrists. [R. 278-280]. He characterized Plaintiff's carpal tunnel syndrome as "mild." [R. 279]. James Rodgers, M.D., felt Plaintiff had bilateral "mild" carpal tunnel syndrome on September 12, 1998. [R. 245-247]. Steven E. Gaede, M.D., found no evidence of carpal tunnel syndrome either upon examination or symptoms on September 19, 2000. [R. 223-225]. On October 26, 2000, Dr. Hastings wrote a lengthy report regarding Plaintiff's impairment rating for the benefit of the Workers' Compensation Court. [R. 289-294]. Based upon his clinical examination, Dr. Hastings concluded that, although an EMG documented bilateral carpal tunnel syndrome, no impairment was assigned to the bilateral hands and wrists. [R. 292]. As correctly noted by counsel for the Commissioner, none of the medical evidence from 2002 supports Plaintiff's claim of severe carpal tunnel syndrome prior to the expiration of his insured status.

At step two, it is the claimant's burden to demonstrate an impairment, or a combination of impairments, that significantly limit his ability to do basic work activities. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987); 20 C.F.R. § 404.1521.  The step two severity determination is based on medical factors alone, and "does not include consideration of such vocational factors as age, education, and work experience." *Williams*, 844 F.2d at 750.  Although this showing has been characterized as "*de minimis*," the mere presence of a condition is not sufficient to make a step-two showing. See *Hinkle v. Apfel*, 132 F.3d 1349, 1352 (10th Cir.1997); and see SSR 85-28, 1985 WL 56856 at *3 (providing that a step-two finding of non-severe impairment is made where "medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered").

Plaintiff failed to establish the existence of a severe impairment of carpal tunnel syndrome that significantly limited his physical ability to do basic work activities. *Id.* §§ 404.1521(a); 416.921(a) (slight impairments, imposing only a "minimal effect on an individual's ability to work" are considered not severe).  The Court finds the ALJ was not required to include carpal tunnel syndrome as a severe impairment at step two.

### **Plaintiff's RFC**

In an argument related to his first allegation of error, Plaintiff complains the ALJ failed to properly determine his RFC.  As stated above, the Court finds the record does not support Plaintiff's claim of functional limitations imposed by carpal tunnel syndrome

5

prior to September 30, 2001. Therefore, his assertion of error in this regard is without merit.

As to Plaintiff's claim that the ALJ erroneously failed to preclude activities requiring full range of motion of the neck and overhead lifting in his RFC finding, the Court also finds no merit. The report Plaintiff cites as support for this argument was written by Dr. Gaede on September 19, 2000. [R. 223-225]. Dr. Gaede stated that Plaintiff's left arm pain was resolved. [R. 223]. He noted Plaintiff's difficulty with rotation of his neck to the right but observed that Plaintiff was able to do many of his normal activities and reported that he expected improvement with time. [R. 223-224]. Recommended permanent restrictions were described as occasional lifting up to 50 pounds and frequent lifting up to 25 pounds, categorized as medium duty. [R. 224]. Likewise, Plaintiff's reliance upon Dr. Hastings' November 5, 2001 report for his argument of constant disabling arm, neck and shoulder pain is unfounded. On that date, Plaintiff complained of left shoulder pain after using an electric drill at his home. [R. 281]. An appointment to see Dr. Schneider, an orthopedic surgeon, was scheduled for December 19, 2001. *Id.* Plaintiff did not keep that appointment. [R. 365]. He did not see Dr. Schneider until January 14, 2002, at which time cervical muscle spasm and left shoulder osteoarthritis were diagnosed and medication and physical therapy prescribed. [R. 364]. Dr. Schneider, in turn, sent Plaintiff to John D. Dewitt, D.O., a neurological consultant, who examined Plaintiff on March 8, 2002. [R. 379-382]. Dr. DeWitt reported Plaintiff's strength was normal when he gave forth a full effort. *Id.* Plaintiff's remaining citations to the medical record are examination and/or treatment reports generated well after the date his insured status expired.

6

The RFC assessed by the ALJ was for a limited range of light exertional work with the ability to alternate sitting and standing positions at will. This is a more restrictive RFC than the one recommended by Dr. Gaede with regard to lifting activities and provides an accommodation for Plaintiff's need to move around to alleviate pain in his neck and shoulders. [R. 613-614].[4] The record contains no objective evidence that conflicts with this finding. The Court finds no error in the ALJ's assessment of Plaintiff's RFC prior to September 30, 2001.

## Credibility Analysis

Plaintiff complains the ALJ did not properly evaluate Plaintiff's subjective allegations concerning his impairments. Contrary to Plaintiff's argument, the ALJ did provide reasons for his determination that Plaintiff's credibility is diminished. He set forth the medical evidence he considered in weighing Plaintiff's testimony as well as Plaintiff's report of his daily activities, his own RFC report, the testimony of the medical expert at the hearing and the opinions of the agency consultants. Plaintiff argues that, although the ALJ listed the evidence he considered, he failed to link his credibility findings to the evidence as required by *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir.1995). In *Kepler*, the ALJ's credibility determination was found to be inadequate because the ALJ simply recited the general factors he considered and then said the claimant was not credible based on those factors. The ALJ did not refer to any specific evidence relevant to the factors. The reviewing court, then, could only guess what evidence the ALJ relied on in evaluating the claimant's credibility. *Id.* at 390-91. That

---

[4] Plaintiff testified he can stand a couple hours at a time and sit "probably 45 minutes." [R. 614].

is not the case here.  Contrary to Plaintiff's view, *Kepler* does not require a formalistic factor-by-factor recitation of the evidence.  So long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility, the dictates of *Kepler* are satisfied.  The Court has reviewed the entire record and concludes that the ALJ's determination that Plaintiff retained the RFC to perform alternative work prior to September 30, 2001, is fully supported by substantial evidence despite his claims to the contrary.  "Credibility determinations are peculiarly within the province of the finder of fact, and the Court will not upset such determinations when supported by substantial evidence." *McGoffin v. Barnhart*, 288 F.3d 1248, 1254 (10th Cir.2002) (quotation omitted).

## Conclusion

The ALJ's decision demonstrates that he considered all of the medical reports and other evidence in the record in his determination that Plaintiff retained the capacity to perform a limited range of light exertional work through September 30, 2001. The record as a whole contains substantial evidence to support the determination of the ALJ that Plaintiff was not disabled prior to the expiration of his insured status.  Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

SO ORDERED this 2nd day of February, 2007.

_Frank H. McCarthy_
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE